UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DAVID SCOTT HARRISON,<br><br>       Plaintiff,<br><br>  v.<br><br>KAREN HILLIARD, et. al.,<br><br>       Defendants. | No. C 15-1396 NJV (PR)<br><br>**ORDER OF SERVICE**<br><br>Dkt. No. 13 |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The court granted plaintiff leave to proceed in forma pauperis. (Doc. 3.) The court dismissed plaintiff's amended complaint with leave to amend and plaintiff has filed a second amended complaint. (Doc. 14.)

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff argues that a book sent to him in the mail was lost or stolen and prison officials are delivering his mail late.

Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized.  *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process.  *See Zinermon v.*

2

*Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987). The *Turner* standard applies to regulations and practices concerning all correspondence between prisoners and to regulations concerning incoming mail received by prisoners from non-prisoners. *See Thornburgh*, 490 U.S. at 413. The inspection for contraband of non-legal mail does not violate a prisoner's constitutional rights. See Witherow, 52 F.3d at 265-66 (upholding inspection of outgoing mail).

Prison officials have a responsibility to forward mail to inmates promptly. *See Bryan v. Werner*, 516 F.2d 233, 238 (3d Cir. 1975). Allegations that mail delivery was delayed for an inordinate amount of time are sufficient to state a claim for violation of the First Amendment. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). Any practice or regulation that unduly delays an inmate's incoming mail must be reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. at 89. But a temporary delay or isolated incident of delay does not violate a prisoner's First Amendment rights. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (policy of diverting publications through property room reasonably related to prison's interest in inspecting mail for contraband).

Plaintiff first argues that he did not receive a book he ordered, "Lockdown America".

Defendants initially informed plaintiff that he could not have this book and it would have to be returned or destroyed and he had 15 days to decide. Plaintiff appealed and staff ruled they had made an error and plaintiff could have the book, but it had already been returned. Plaintiff argues that defendants did not wait the 15 days and the book was returned or destroyed before that time period ended. He argues that defendants improperly stole or destroyed it. However, plaintiff is not entitled to relief for his claim that the property was negligently or intentionally destroyed or stolen because there is an adequate state post-deprivation remedy. Plaintiff has already been provided leave to amend and as it is clear that further amendment would be futile this claim is dismissed with prejudice.

Plaintiff next argues that his mail has been delivered late and he attaches a chart that sets forth the postmark when the materials were mailed and when he received it, which was usually twenty-five days later. The court already found that this claim is sufficient to proceed in the prior screening order. (Doc. 12.)

**CONCLUSION**

1. The motion for an extension (Docket No. 13) is **GRANTED** and the second amended complaint is deemed timely filed. The Clerk shall send plaintiff a copy of the prior screening order (Docket No. 12).

2. The clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, copies of the second amended complaint with attachments and copies of this order on defendants: Warden Kevin Chappell, mail room supervisor Ms. Alex Lille, mail room staff member S. H. Muhammad, and mail room staff member Ms. Tina Pasley, all at San Quentin State Prison.

3. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of

4

1 Civil Procedure 56, and shall include as exhibits all records and incident reports stemming
2 from the events at issue. If defendants are of the opinion that this case cannot be resolved
3 by summary judgment, they shall so inform the court prior to the date the summary
4 judgment motion is due. All papers filed with the court shall be promptly served on the
5 plaintiff.

6       b. At the time the dispositive motion is served, defendants shall also serve,
7 on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154
8 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.
9 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and
10 *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss
11 for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

12       c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the
13 court and served upon defendants no later than thirty days from the date the motion was
14 served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING,"
15 which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir.
16 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).
17 If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his
18 available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take
19 note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is
20 provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

21       d. If defendants wishes to file a reply brief, they shall do so no later than
22 fifteen days after the opposition is served upon them.

23       e. The motion shall be deemed submitted as of the date the reply brief is
24 due. No hearing will be held on the motion unless the Court so orders at a later date.

25    4. All communications by plaintiff with the court must be served on defendants, or
26 defendants' counsel once counsel has been designated, by mailing a true copy of the
27 document to defendants or defendants' counsel.

28

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 24, 2016.

NANDOR J. VADAS
United States Magistrate Judge

## NOTICE -- WARNING (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING (EXHAUSTION)

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.